UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANA MICHELLE FLIPPO, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action Number |
| v. | ) 2:20-cv-08001-AKK |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

After reviewing Dana Flippo's petition to vacate her sentence under 28 U.S.C. § 2255, the court dismissed some of her contentions as contradicted by the record or facially nonviable and ordered the government to respond to her remaining ineffective assistance of counsel claims. Doc. 17. The government answers that (1) Flippo's attorney denies that he provided insufficient representation, (2) the trial record contradicts Flippo's claim that her attorney failed to conduct a pretrial investigation, and (3) Flippo cannot show prejudice even if her claims about the attorney's performance are true. Doc. 21. The government thus asks the court to deny Flippo's § 2255 petition without holding an evidentiary hearing. *Id.*

Although the court declines to make factual determinations implicating Flippo's or her attorney's credibility without such a hearing, Flippo's petition is due to be denied. In short, the record contradicts her claim that her attorney failed to

conduct a pretrial investigation, and she cannot show prejudice even if her attorney provided deficient advice about her charges and possible sentence.

**I.**

"Section 2255 provides that in an action to vacate or correct the sentence, the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law '[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Holmes v. United States*, 876 F.2d 1545, 1552–53 (11th Cir. 1989). However,

> this rule does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel: 'A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.'

*Id.* at 1553 (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)). Thus, the court's role at this stage is to determine whether, in light of the government's response, Flippo's claims are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *See id.* Otherwise, the court must hold an evidentiary hearing to develop "an adequate record" and to determine if habeas relief is warranted. *See id.* at 1552.

To ultimately prevail on her ineffective assistance of counsel claims, Flippo must show both deficient performance and prejudice: that her attorney's performance "fell below an objective standard of reasonableness" and that there is a

"reasonable probability" that, but for counsel's errors, "the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013). Flippo's claim rests on two kinds of allegedly inadequate performance: (1) her attorney's purported failure to advise her about her case, especially her sentencing exposure, and (2) his purported failure to conduct a pretrial investigation by speaking with or calling favorable witnesses. *See* doc. 17 (parsing Flippo's potentially viable claims).

A.

The government asserts that Flippo's attorney in fact "consulted with her several times about her case, possible sentence, and the prospect of pleading guilty" and "discussed her right to testify at trial and the exposure she would face if convicted." Doc. 21 at 7. In support, the government supplies an affidavit from the attorney, who avers that he "talked with Ms. Flippo several times about her case and the possibility of entering a plea to her charges and the possible sentence" and that she "always informed [him] that she did not wish to enter a plea but wished to move forward with her trial." Doc. 21-1 at 1. These claims, if true, flatly contradict Flippo's assertions that her attorney "failed to reasonably consult with [her]," "never advised [her] of her option to plead guilty," and "never explained her sentencing exposure," doc. 2 at 11, to name a few.

3

However, the court will not wade into these factual questions, which involve the respective believability of Flippo and her attorney, at this juncture. "[F]actual issues, including the question of [the petitioner's] credibility, are best resolved in an evidentiary hearing." *Holmes*, 876 F.2d at 1553 n.9. Accordingly, the court will review the remainder of the government's contentions to determine the necessity of a hearing, taking as true Flippo's factual allegations about her attorney's failure to adequately confer with her.

B.

The government also says that the evidence contradicts the other basis for Flippo's claim, *i.e.*, that her attorney failed to conduct a pretrial investigation by investigating favorable witnesses. Doc. 21 at 8. The government again cites counsel's affidavit, in which he states that he "talked with the witnesses that Ms. Flippo gave [him] concerning her case as well as the attorney who was representing her in the [s]tate [c]ourt case, based upon the same facts in her [f]ederal case" and that he "did not get a chance to talk with the co-defendant because [he] had no way to get in touch with [the co-defendant]." Doc. 21-1 at 1. Because the veracity of these contentions also depends on credibility determinations, the court will not weigh in on these disputes absent an evidentiary hearing.

However, as the government observes, the record also contradicts Flippo's claim. *See* doc. 21 at 8. Flippo's attorney in fact called a witness—Flippo's

4

neighbor—to testify, albeit briefly, about the police's search of Flippo's home and her subsequent arrest. *See* crim. doc. 78 at 99–100.[1] This plainly rebuts Flippo's allegation that her attorney categorically failed to conduct a pretrial investigation that would have led him to possible witnesses. That counsel could have searched for or called additional witnesses does not amount to constitutionally deficient performance, especially under the presumption that counsel's conduct constituted "sound" strategy. *See Broadnax v. Comm'r, Ala. Dep't of Corr.*, 996 F.3d 1215, 1222 (11th Cir. 2021). As a result, Flippo fails to establish the *Strickland* performance prong based on her attorney's pretrial investigation.

C.

Finally, the government maintains that even if Flippo's attorney provided deficient representation, Flippo cannot show prejudice. *See* doc. 21 at 7. The court need not consider an attorney's performance if the uncontradicted, specific allegations still fail to establish prejudice. *See Boyd v. Allen*, 592 F.3d 1274, 1293 (11th Cir. 2010). Thus, for Flippo's claims to proceed, she must sufficiently allege that, had her attorney adequately advised her, especially as to her sentencing

---

[1] "Crim. doc." refers to entries in the underlying criminal case, case no. 2:16-cr-00451-AKK-GMB-1.

5

exposure as she claims,[2] the result of the proceeding would have differed. *See id.* Otherwise, her ineffective assistance claim necessarily fails. *See id.*

To this end, Flippo must do more than show that the alleged errors "had some conceivable effect on the outcome of the proceeding . . . ." *Putman v. Head*, 268 F.3d 1223, 1248 (11th Cir. 2001) (internal quotation marks omitted). Rather, Flippo must plead facts not contradicted by the record that demonstrate a "reasonable probability" of a different result "sufficient to undermine confidence in the outcome." *See Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1195 (11th Cir. 2009). The court considers the totality of the circumstances to determine whether counsel's alleged errors prejudiced Flippo in this manner. *See id.*

In a nutshell, Flippo says that but for her attorney's failure to communicate with her about significant aspects of the case, "there is a reasonable probability she would have opted to plead guilty and ha[d] a substantially lower sentence exposure." *See* doc. 2 at 12. But Flippo acknowledges that the government did not offer her a plea agreement, *see id.* at 19, and she faced a 10-year minimum sentence on Count 1, which alleged that she conspired to "possess with the intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine," *see* crim. doc. 1 at 1. The jury convicted Flippo of

---

[2] As the court explained, the record contradicts Flippo's claim about her attorney's alleged failure to conduct any pretrial investigation, *see supra* § III.B., and the court omits this contention because it accordingly cannot support either *Strickland* prong.

6

conspiracy in connection with a smaller quantity of methamphetamine, among other offenses, crim. doc. 56, and Flippo ultimately received a sentence of 121 months on each count to run concurrently, crim. doc. 83.  Based on her pleadings, beyond "unsupported generalizations," Flippo does not provide reasonably specific facts demonstrating that the government would have offered a plea agreement and that she would have pleaded guilty, much less on more favorable terms.  *See Holmes*, 876 F.2d at 1553.  In other words, her pleadings do not create "a reasonably probability [she] would actually have pled differently but for [her] counsel's alleged advice."  *See Scott v. United States*, 325 F. App'x 822, 825 (11th Cir. 2009).

By this reasoning, the court does not intend to suggest that the fact that Flippo's actual sentence exceeded her minimum potential sentence by only one month means she cannot establish prejudice.  Any additional period of incarceration, even for one month, carries with it burdens the court cannot begin to define or express here.  *See also Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of actual jail time has Sixth Amendment significance.").  But Flippo's contentions amount to "after the fact testimony concerning [her] desire to plead," not specific allegations suggesting she wanted to or would have pleaded guilty, especially where the government did not offer a plea agreement.  *See Diaz v. United*

*States*, 930 F.2d 832, 834–835 (11th Cir. 1991).[3]  As a result, Flippo's allegations insufficiently plead prejudice, and her *Strickland* claim must fail.

## II.

In sum, Flippo's ineffective assistance claims, predicated on counsel's alleged failures to adequately confer with her and to conduct a pretrial investigation, fail because her pleadings do not contain specific allegations entitling her to relief or the trial record contradicts them.  *See Holmes*, 876 F.2d at 1552–53.  As a result, the court need not hold an evidentiary hearing to resolve the factual questions, *see id.*, and Flippo's § 2255 petition is due to be denied.  A separate order follows.

**DONE** the 23rd day of May, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[3] The court relies in part on the following reasoning:

> As to [the petitioner's] claim that counsel was ineffective in advising him that the plea offer was unacceptable, [the petitioner] has not established prejudice with respect to counsel's advice. He does not allege that but for his attorney's errors, he would have accepted the plea offer; he cites no evidence to indicate that prior to his conviction he expressed any desire to plead guilty. He argues only that he would have received a lesser sentence had he accepted the plea agreement. . . . Given [his] awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer.

*Diaz*, 930 F.2d at 835.